**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

January 13, 2014

# LETTER OPINION

Re:  *Hernandez, et al. v. Kaplan, et al.*
Civil Action No. 13-cv-1556 (JAP)

Dear parties:

Presently before the Court is: (1) Defendant, the New Brunswick Police Department's motion to dismiss the Complaint filed on behalf of Plaintiffs Oswaldo Hernandez and Jorge Lopez-Nieves [docket #22]; (2) Defendants', Patrolman Kevin Conway, Patrolman Brandt Gregus, Detective Kenneth Abode, Detective Martinez and Patrolman Rodriguez, cross-motion to dismiss the Complaint filed on behalf of Plaintiffs Oswaldo Hernandez and Jorge Lopez-Nieves [docket #23]; and (3) Defendant, Lieutenant Bobadilla's cross-motion to dismiss the Complaint filed on behalf of Plaintiffs Oswaldo Hernandez and Jorge Lopez-Nieves [docket #24].  Plaintiffs Hernandez and Lopez-Nieves have not opposed these motions.

For the reasons stated below, Defendants' motions to dismiss the claims filed on behalf of Plaintiffs Oswaldo Hernandez and Jorge Lopez-Nieves [docket #22, #23, and #24] are hereby GRANTED.

### A. Brief Factual Background

On May 14, 2013, all counsel appeared before the Honorable Douglas E. Arpert, U.S.M.J. for an initial scheduling conference, which resulted in a Pretrial Scheduling Order being filed on May 16, 2013 [docket #15].  The Pretrial Scheduling Order set forth the dates by which the parties were to comply in demanding and producing discovery as well as Rule 26 disclosures.

On July 15, 2013, the parties participated in a telephone conference with Judge Arpert. After being advised that Plaintiffs had not provided Rule 26 disclosures or responses to discovery demands in accordance with the Court's Pretrial Scheduling Order, Judge Arpert gave Plaintiffs an extension.  Subsequently, Plaintiffs served Rule 26 disclosures; however, responses to written discovery by Plaintiffs Hernandez and Lopez-Nieves were never served.  Thus, the parties participated in a second telephone conference on September 4, 2013, where Plaintiffs' counsel advised Judge Arpert that he has been unable to locate Plaintiff Hernandez and has lost all contact with Plaintiff Lopez-Nieves.  Accordingly, Defendants were given permission to file the instant motions.

**B. Standard**

Federal Rule of Civil Procedure 16(f)(1)(c) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."

Rule 37(b)(2)(A)(ii)-(vii) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following[] . . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination."

Moreover, in determining whether dismissal is an appropriate sanction, the Third Circuit has identified six (6) factors that a Court should consider:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013)(citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 867-88 (3d. Cir. 1984)).

**C.   Analysis**

It is clear to the Court that Plaintiffs Hernandez and Lopez-Nieves have failed to obey the Pretrial Scheduling Order in violation of Rule 16(f)(1)(c). Thus, the only analysis which this Court must engage in is to determine whether the sanction sought by Defendants – namely, dismissal of Plaintiffs' Hernandez and Lopez-Nieves claims – is warranted.

Given the facts of this case, it appears to the Court that dismissal of these Plaintiffs' claims may be the only relevant sanction available that will not result in an undue delay of the matter. Staying the proceedings or holding Plaintiffs in contempt as provided for by Rule 37(b)(2)(A)(iv) and (vii) will result in prejudice to the remaining Plaintiff and Defendants who have complied with the Court's Pretrial Scheduling Order and have an interest in moving the case towards resolution. The Court is not convinced that Plaintiffs Hernandez and Lopez-Nieves will ever comply with the Order, regardless of a stay or being held in contempt, as they do not even respond to their own attorney and their whereabouts are unknown at this point.

Similarly, Rule 37(b)(2)(A)(ii), which permits the Court to prohibit Plaintiffs Hernandez and Lopez-Nieves from supporting their claims or introducing designated matters into evidence, does little to cure the present issue. It is axiomatic that Plaintiffs are not attempting to support their claims to begin with; therefore, prohibiting Plaintiffs' from doing so will not change the fact that Defendants are endeavoring to defend a case without having received any discovery. Further, the Court is unable to strike Plaintiffs complaint in accordance with Rule 37(b)(2)(A)(iii) because there is a third Plaintiff named in the complaint, Jose Joya-Granados, who has complied with the Court's Pretrial Scheduling Order and is not the subject of Defendants motions. Last, rendering a default judgment as permitted by Rule 37(b)(2)(A)(vii) is also inappropriate because Defendants have not asserted any counterclaims against Plaintiffs Hernandez and Lopez-Nieves.

Consequently, while dismissal of an action is a severe sanction, and should only be ordered as a last resort, see *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, *reh'g denied sub nom.*, 427 U.S. 874 (1976), it appears to be the only sanction available that will adequately address Plaintiffs' failure to comply with the Court's Pretrial Scheduling Order.

Additionally, in reviewing the factors set forth by the Third Circuit in *Knoll*, the Court is convinced that dismissal is warranted. First, Plaintiffs Hernandez and Lopez-Nieves are wholly responsible for the failure to comply with the Court's Order as they have not responded to their attorneys attempt(s) to communicate and prepare discovery responses, and such failure appears to be willful. Second, Defendants are being prejudiced by Plaintiffs' violation of the Court's Order because discovery responses were due six (6) months ago and Defendants' still have yet to receive any. Third, there is a history of dilatoriness. The parties participated in two telephone conferences with Judge Arpert and, despite being given an extension, still failed to respond to Defendants' discovery demands. Last, as discussed above, the Rule 37(b)(2)(A) sanctions other than dismissal would be ineffective in this case.

Accordingly, the Court finds that Plaintiffs Hernandez and Lopez-Nieves have failed to obey a Court Order in violation of Rule 16(f)(1)(c), thereby warranting dismissal of these Plaintiffs' claims in accordance with Rule 37(b)(2)(A)(v). As such, Defendants' motions to dismiss [docket #22, #23, and #24] must be GRANTED.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge